UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ISAAC GONZALEZ,

               Plaintiff,

     -against-

CITY OF NEW YORK,
JOHN DOES 1-6, and JANE DOE,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

Plaintiff Isaac Gonzalez, by his attorneys, Lumer & Neville, as and for his

Complaint, hereby alleges as follows, upon information and belief:


## PARTIES, VENUE and JURISDICTION

1. At all times hereinafter mentioned, plaintiff Isaac Gonzalez, an adult

male, was a resident of Kings County, within the State of New York.

2. At all relevant times hereinafter mentioned, defendant City of New

York ("New York City"), was and is a municipal corporation duly organized and existing

under and by virtue of the laws of the State of New York. New York City acts by and

through its agencies, departments, employees and agents, including, but not limited to, the

New York City Police Department ("NYPD"), and its employees.

3. At all times hereinafter mentioned, defendants John Does numbered 1-

6, and Jane Doe were members of the NYPD and employed, retained, trained, and

supervised by New York City.  The "Doe" defendants are sued herein in their official and

individual capacities.

4.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

5.     Venue is properly laid, pursuant to 28 U.S.C. §1391, *et seq.* in the Eastern District of New York, where plaintiff and defendant City of New York reside, and where the majority of actions complained of herein occurred.

6.     That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

7.     At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

8.     That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains.

## RELEVANT FACTS

9.     At all relevant times herein, Isaac Gonzalez resided in apartment 1F at 410 Sutter Avenue, in Kings County, New York (the "premises").

10.     On March 22, 2013, at or between about 5:00 a.m., plaintiff was lawfully present inside the premises when plaintiff heard noises from the street.

11.     Plaintiff looked out of a window and saw an individual running away from some other persons.

12.     Plaintiff then observed the same individual mentioned above throw an

2

object to the ground.

13.     Plaintiff went out of his home to the street to observe the object that had been thrown to the ground.

14.     Plaintiff found the object on the ground outside of and near the front of plaintiff's apartment building.

15.     Plaintiff saw that the object was some sort of "BB" gun, or toy pistol.

16.     Plaintiff, who was concerned that the item would be recovered by kids exiting the building to go to school, took this item into his home.

17.     Shortly after entering his home after retrieving the "BB" gun or toy pistol, plaintiff again looked out of the window to the street.

18.     Plaintiff observed police officers in front of plaintiff's building.

19.     The plaintiff saw that the officers appeared to be looking for something on the ground.

20.     Plaintiff believed the officers were looking for the discarded "BB" gun or toy pistol.

21.     Plaintiff went outside immediately to give the "BB" gun or toy pistol to the officers.

22.     Plaintiff gave the "BB" gun or toy pistol to one of the defendant police officers.

23.     Defendant police officers immediately arrested plaintiff.

24.     Defendant police officers had no probable cause to arrest plaintiff.

3

25.     Plaintiff explained to the defendant police officers the above-outlined circumstances that led plaintiff to retrieve the "BB" gun or toy pistol from the ground in front of plaintiff's building.

26.     Defendant police officers asked for permission to enter and search plaintiff's apartment, and plaintiff consented.

27.     No contraband was recovered from plaintiff nor from his apartment.

28.     Although there was no probable cause for the continued seizure of plaintiff, defendants placed plaintiff in a police vehicle and removed him to a local NYPD station house or service area.

29.     Plaintiff was processed, fingerprinted, and photographed, and then eventually taken to central booking in Brooklyn.

30.     While plaintiff was in defendants' custody, the Kings County District Attorney's office declined to prosecute plaintiff.

31.     After a period of many hours, plaintiff was released from defendants' custody at Central Booking without being charged.

32.     At no time did defendants have probable cause to seize, detain or arrest the plaintiff, nor was it reasonable for the defendants to believe that such cause existed.

33.     Despite the absence of probable cause and lack of evidence of criminal conduct by the plaintiff, the defendants proceeded with plaintiff's arrest.

34.     At no time did any of the Doe defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the heretofore stated illegal

conduct engaged in by their fellow officers.

35.     At all relevant times herein, the individual defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

36.     Plaintiff repeats the allegations contained in paragraphs "1" through "35" above as though stated fully herein.

37.     Defendants willfully and intentionally seized, searched, arrested, and imprisoned plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

38.     By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, and the unlawful search of plaintiff's person and property, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

39.     By reason thereof, the individual defendants have violated  42 U.S.C. §1983 and caused plaintiff to suffer emotional injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

40.     Plaintiff repeats the allegations contained in paragraphs "1" through

"39" above as though stated fully herein.

      41.    Plaintiff was intentionally, willfully, maliciously and/or with reckless disregard, subjected to false arrest and imprisonment, and the unlawful search of plaintiff's person and property.

      42.    The municipal defendant City of New York is therefore vicariously liable to plaintiff for the excessive force, unlawful search, seizure, and false arrest and imprisonment of plaintiff by said municipalities' employees and agents under the doctrine of *respondeat superior*.

      43.    By reason thereof, the municipal defendant has caused plaintiff to suffer emotional injuries, mental anguish, incarceration and the deprivation of liberty.

## DEMAND FOR A JURY TRIAL

      Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

]

]

]

Remainder of Page Intentionally Blank

]

]

]

6

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

      i.     on the first cause of action, actual and punitive damages in an amount to be determined at trial;

      ii.    on the second cause of action, actual damages in an amount to be determined at trial;

      iii.   statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

      iv.   such other relief as the Court may deem just and proper.

Dated:  Brooklyn, New York
        June 13, 2014

                                      LUMER & NEVILLE
                                      Attorneys for Plaintiffs
                                      225 Broadway, Suite 2700
                                      New York, New York 10007
                                      (212) 566-5060

                                             /s/
By:  _____
                                    James Concemore Neville (JN-2128)

7